proceeding and to issue the final warrant. The lessee and the un-dertenants were served. Hence the proceeding was regular.

We are therefore of the opinion that the injunction should not have been granted, and that the order appealed from should be reversed, with $10 costs and disbursements, and the motion for an injunction pendente lite denied, with $10 costs. All concur.

---

### KUHNEN v. UNION RY. CO. OF NEW YORK CITY.

(Supreme Court, Appellate Division, First Department. November 13, 1896.)

STREET RAILROADS—INJURY TO PERSON ON TRACK—NEGLIGENCE.

> No negligence is shown on the part of the motorman on defendant's car which struck plaintiff as he attempted to cross the track in the middle of the block, about dusk, on a foggy evening, where the car was brilliantly lighted, and plaintiff's view of it was unobstructed, and there is no evidence as to how long he was on the track before he was struck, or that the motorman could have stopped the car after plaintiff went on the track.

Appeal from trial term, New York county.

Action by Peter Kuhnen against the Union Railway Company of New York City for personal injuries. A judgment was entered on a verdict in favor of plaintiff, and defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

William N. Cohen, for appellant.

William P. Burr, for respondent.

INGRAHAM, J. The plaintiff was injured by being struck by a car of the defendant's road on 3d avenue, just below 138th street, in the city of New York. At that point there is a double track; the cars going from the Harlem bridge to the north running on the east track, and the cars going from the north towards Harlem bridge running on the west track. The plaintiff attempted to cross the street, not upon any street crossing, but in the middle of the block, from the west to the east side. He stopped out in the street; says he looked both ways; saw the car coming from the south, which must have been upon the east track, the track furthest from him; stopped to let that car pass, when the car coming down upon the west track, the track nearest to the witness, struck him. The evidence is quite clear that the car in question was brilliantly lighted with electricity, and at the time of the accident it was just about dusk on the 19th of August, 1893, a little before 8 o'clock in the evening. It was a foggy night, and had been raining. This condition of the weather might have prevented the motorman from seeing plaintiff, but could not have prevented plaintiff from seeing the lighted car. Both the witnesses who testified to seeing plaintiff distinctly saw the car. One who saw the plaintiff leave the sidewalk, starting to cross the street, saw the car coming down town, and at that time said to his friend who was with him, "That old man is going to get hit." And the witness said that the occasion of that remark was because the car was co ing so fast that "if he [the plaintiff] kept on his course,—if

he did not stop before he got to the track,—the car would just about strike him." There was nothing to obstruct plaintiff's view of the approaching car. It was brilliantly lighted, and could be easily seen; and in full view of this car the plaintiff started to cross the street, waited until a car upon the other track, furthest from him, passed, and then, without paying the slightest attention to the approaching car, placed himself in such a position that he was struck by it. There was no evidence to show that he was upon the track in front of the car that struck him for any appreciable time before he was struck, nothing to show that the motorman of the car that struck him could have stopped the car after he was upon the track, and nothing from which an inference of negligence on the part of the defendant could be drawn. The plaintiff does not state that he stopped upon the west track to let the north-bound car pass, nor how long it was after the north-bound car passed before the south-bound car struck him. The burden of proof is on the plaintiff to show that the defendant was negligent, and that he (the plaintiff) was free from contributory negligence. Neither of the witnesses saw the car when it struck the plaintiff. A witness testified that, while the car going north was ringing its bell, the car going south was not; but, as the car was not at the crossing at the time of the accident, there does not seem to be any particular reason why the bell should have been rung. It has not yet been held that it is the duty of a railroad company to constantly ring its car bells from one end of the route to the other. The speed of the car is also testified to, but there is no evidence as to how fast the car was going, or that its speed exceeded that allowed. We do not think that this case can be distinguished from the case of Fenton v. Railroad Co., 126 N. Y. 625, 26 N. E. 968. In that case the court say:

"This accident did not happen at a street crossing, but between the upper and lower crossings of the street, and hence the drivers did not have the same reason to expect any one there as at a street crossing. * * * Street-railway cars have a preference in the streets, and while they must be managed with care, so as not to carelessly injure persons in the street, pedestrians must nevertheless use reasonable care to keep out of their way."

Accepting the story as told by the plaintiff as true, it is quite apparent that this accident was not the result of any carelessness of the defendant, but was the result of plaintiff's attempting to walk across this railroad track without looking for an approaching car upon the west track, and without using any care to keep out of the way of the car that struck him. If, after waiting to allow the north-bound car to pass, he had waited but a few seconds, the car would have passed, and he could have then crossed in safety. He chose, however, to attempt to cross the track without waiting to see whether or not a car was approaching, and the accident was thus the result of his own carelessness, and not the carelessness of the defendant's agent, who could not have any reason to expect that a person would attempt to cross the street at that particular point, and who could not, from the evidence, be charged with having neglected to see the plaintiff in time to stop the car.

The judgment must therefore be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.